UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

LARRY BROWN-BEY,                )
                                )
            Plaintiff,           )
    vs.                          )   No. 2:04-cv-150-RLY-WGH
                                )
DR. WEBSTER, Clinical Director,  )
                                )
            Defendant.           )

**Entry Discussing Defendant's Motion for Summary Judgment**

"Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), or by a suit against the United States under the Federal Tort Claims Act [FTCA] . . . which permits claims based upon misconduct which is tortious under state law. 28 U.S.C. §§ 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985). Plaintiff Larry Brown-Bey has chosen both routes. Defendant Dr. Thomas Webster, Clinical Director at the prison where Brown-Bey is confined, has filed a motion for summary judgment, to which Brown-Bey has responded.

The defendant's motion for summary judgment as to these claims must be **granted**.[1] The reasons compelling this conclusion are the following:

---

[1] "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56© of the Federal Rules of Civil Procedure). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* "It is well-settled that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)).

1.      Brown-Bey is confined at the United States Penitentiary at Terre Haute, Indiana ("USPTH"). The USPTH is a federal prison located within the Southern District of Indiana and is operated by the Federal Bureau of Prisons ("BOP"). Brown-Bey claims in this action that he is being denied constitutionally adequate medical care. As noted above, he proceeds under both a *Bivens* theory and the FTCA.

2.      At approximately 8:30 a.m. on June 20, 2002, Brown-Bey reported to his work supervisor, E. Larison, that he hit his arm on the steel cage while unloading its contents. Since that time, Brown-Bey has received evaluations and treatment, including surgery on August 28, 2004 (a right ulnar decompression), but has persisted with complaints regarding his right elbow. The Eighth Amendment protects prisoners from deliberate indifference to their serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104-105 (1976); *Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir. 2000). This protection includes situations where prisoners are denied access to necessary medical care, or where officials excessively delay access to such care. To succeed on a claim of deliberate indifference to medical needs, a prisoner must satisfy both prongs of a two-part test: (1) that the medical need was objectively serious, and (2) that the official was deliberately indifferent, or knew of and disregarded an excessive risk to the inmate's health. *See Farmer v. Brennan,* 511 U.S. 825, 834-37 (1994). Although a claim of inadequate medical care is a matter of substantial significance, for the reasons explained in this Entry the merits of Brown-Bey's claims cannot be reached here.

3.      The pertinent features of Brown-Bey's *Bivens* claim are the following:

a.      Claims asserted under a *Bivens* theory are brought pursuant to subject matter jurisdiction conferred by 28 U.S.C. § 1331, which provides that "[t]he District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "A *Bivens* action is the federal analogue of a [42 U.S.C. Section] 1983 action and is designed to afford redress for precisely the same unconstitutional conduct by persons who act under color of federal rather than state law." *McCoy v. Drug Enforcement Administration,* 563 F.Supp. 779, 781 (S.D.N.Y. 1983). Thus, a prerequisite to maintaining an action under §1331 is that the plaintiff "must allege a violation of the United States Constitution or a federal statute." *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987), *cert. denied*, 107 S. Ct. 3215 (1987). A *Bivens* action can be maintained against a defendant only in his or her individual capacity; it cannot be maintained against the United States. *F.D.I.C. v. Meyer,* 510 U.S. 471, 485 (1994).

b.      The Prison Litigation Reform Act requires that a prisoner exhaust his administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement applies to the treatment alleged by Brown-Bey in this case. *Id.* at 532 (the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). The inquiry to be undertaken when confronting this question is the following:

> [I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim . . . . [C]ourts merely need to ask whether the institution has an internal administrative grievance procedure  . . . . [I]f such an administrative process is in place, then § 1997e(a) requires inmates to exhaust those procedures before bringing a prison conditions claim.

*Massey v. Helman,* 196 F.3d 727, 733-34 (7th Cir. 1999).

c.  BOP regulations provide "a process through which inmates may seek formal review of an issue which relates to any aspect of their confinement . . . if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. This administrative remedy procedure starts with an attempted informal resolution with prison staff. If a complaint cannot be resolved informally, the inmate may submit a written request to the prison warden. 28 C.F.R. § 542.13. The warden has 20 days to respond to the formal request. *Id.* § 542.18. If the inmate is not satisfied with the response, he can appeal to the BOP Regional Director. *Id.* § 542.15(a). Such an appeal must be decided within 30 days. *Id.* § 542.18. The final step in the administrative review process is an appeal to BOP General Counsel. *Id.* § 542.15(a).

d.  The evidentiary record pertinent to the motion for summary judgment shows the following: At the time pertinent to his claim, Brown-Bey was confined at the USPTH. At this same time, the administrative remedy process described above was in effect. Brown-Bey's claims concerning medical assessment and care were within the scope of matters which could be grieved. On July 25, 2002, an administrative remedy request submitted by Brown-Bey was received at the North Central Regional Office of the BOP.[2] In that request, which is identified as ID #274383-R, Brown-Bey sought immediate medical attention, indicating that he had been hurt on the job in his prison employment. The BOP rejected the administrative remedy request just described, informing Brown-Bey that (I) he had not attempted informal resolution of the problem prior to submitting the administrative remedy, or failed to document such effort, (ii) he had not previously submitted a written request to the prison warden seeking to resolve the problem, and (iii) the concern presented in the administrative remedy request did not involve a subject–a "sensitive" issue–which would warrant by-passing the administrative remedy process at the institution level. Brown-Bey's other two efforts at utilizing the BOP's administrative remedy process did not involve medical care or any claim associated with the present lawsuit.

---

[2]The Declaration noting this filing refers to it as having been received by the regional office on July 25, *2005.* But the actual record of its receipt at the original office shows that date to have been July 25, 2002.

    e.    Brown-Bey thus failed to cure the deficiencies noted in the response of the BOP to administrative remedy request ID #274383-R. The result of the foregoing is that Brown-Bey's *Bivens* claim should not have been brought in this action and must now be dismissed without prejudice. See *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

4.    The pertinent features of Brown-Bey's claim under the FTCA are the following:

    a.    By enacting the Federal Tort Claims Act (FTCA), Congress created a limited waiver of sovereign immunity allowing claims to be filed against the United States "for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §§ 1346(b), 2671 *et seq.*

    b.    Brown-Bey's claim under the FTCA is misplaced, because the United States has not been named as a defendant, and no FTCA claim can be asserted against the defendant individual. *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982).

    c.    Apart from the fact that the United States has not been named as a defendant, the FTCA bars any tort claim against the United States unless two filing periods have been satisfied. First, the claim must be filed within two years of the date of its accrual with the appropriate federal agency. Second, it must be filed as a civil action within six months after the federal agency mails its final denial of the claim. 28 U.S.C. § 2401(b). The plaintiff has the burden of proving compliance with the requirements of § 2401(b). *McCall ex rel. Estate of Bess v. United States,* 310 F.3d 984, 987 (7th Cir. 2002); *Johnson v. Smithsonian Inst.,* 189 F.3d 180, 189 (2d Cir. 1999). In the absence of such compliance, a district court lacks subject matter jurisdiction over the plaintiff's claim, because the conditions required to invoke the FTCA's limited waiver of the United States' sovereign immunity have not been met, and without that waiver the United States cannot be sued. *Coska v. United States,* 114 F.3d 319, 323 (1st Cir. 1997).

    d.    Brown-Bey submitted an Administrative Tort Claim, pursuant to the FTCA dated August 21, 2002, which was received by the Regional Counsel, North Central Regional Office on September 23, 2002. The claim was rejected in a written notice sent to Brown-Bey on March 7, 2003. The filing of this lawsuit on June 22, 2004, occurred 15½ months after Brown-Bey's Administrative Tort Claim was rejected. This filing was 7½ months beyond the 6-month deadline under § 2401(b). The FTCA claim is thus barred as untimely for this reason.

e.     In addition, the FTCA claim is barred by the exclusive remedy provision os the Inmate Accident Compensation ("IAC") System set forth in 18 U.S.C. § 4126. *Paschal v. United States,* 302 F.3d 768, 769 (7th Cir. 2002) (the IAC "provides the exclusive remedy for federal inmates injured while working"); *Wooten v. United States,* 825 U.S. 1039, 1045 (6th Cir. 1987) (prisoners' work-related injuries not compensable under FTCA); *Aston v. United States*, 625 F.2d 1211 (5th Cir. 1980) (where prisoner has pre-existing medical problem, work-related injury still falls exclusively under 18 U.S.C. § 4126); *Thompson v. United States*, 495 F.2d 192 (5th Cir. 1974) (claim for work-related injury and subsequent medical malpractice not available to prisoner under FTCA). *United States v. Demko,* 385 U.S. 149, 153-54 (1966), holds that an injured prisoner may not recover under both the IAC and the FTCA, and that in light of the former legislation the latter remedy is not even an option.

f.     For all these reasons, Brown-Bey's claim under the FTCA must be dismissed for lack of subject matter jurisdiction.

5.     Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/18/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana